**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-750 DOC (ANx)                                                      Date: October 17, 2011

Title: AUSTIN INVESTMENT FUND, LLC, by and through individuals BRUCE ELIEFF AND KATHY ABRAHAMSON v. UNITED STATES OF AMERICA

DOCKET ENTRY
   [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                            Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                                                               Not Present
   Courtroom Clerk                                                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                     NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING EDWARD O.C. ORD'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF KATHY ABRAHAMSON

Before the Court is Edward O.C. Ord's ("Ord") Motion to Withdraw as Counsel for Plaintiff Kathy Abrahamson ("Motion to Withdraw") (Docket 23). After considering the moving papers, the Court GRANTS the Motion to Withdraw.

**I. BACKGROUND**

Ord avers that he has never represented Ms. Abrahamson in the above-captioned proceeding. Motion to Withdraw, ¶ 2. According to Ord, Jeff Benice ("Benice"), Ms. Abrahamson's lawyer in IRS matters and litigation, agreed for Ord to file the Complaint in this proceeding and to name Ms. Abrahamson as plaintiff to preserve her rights. *Id.* at ¶ 7. Benice, however, never registered with the Court's electronic filing system, as he allegedly promised to do. *Id.* Ord avers that he never entered into any contract for the engagement of legal services with Ms. Abrahamson, nor did he ever communicate with her regarding the subject of this litigation. *Id.* at ¶ 3-4. In fact, Ord alleges that he is disqualified from

MINUTES FORM 11 DOC                                                   Initials of Deputy Clerk: jcb
CIVIL - GEN                                                                        Page 1 of 3

representing Ms. Abrahamson because Mr. Elieff is his client, and Mr. Elieff and Ms. Abrahamson have been engaged in a bitter divorce proceeding. *Id.* at ¶ 5. Ord notified Ms. Abrahamson about his present Motion to Withdraw and, at her direction, notified her tax counsel, Thomas Lamons, Esq. ("Lamons"). Lamons has since filed a Request for Approval for Substitution of Attorney, in order to assume representation of Ms. Abrahamson (Docket 26).

## II. LEGAL STANDARD

An attorney may withdraw as counsel only with leave of the court and with reasonable notice to all other parties. Local R. 83-2.9.2.1. The trial court has discretion in determining whether to grant counsel's motion for withdrawal. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). If a withdrawal would result in a delay in prosecution, a showing of good cause and that the ends of justice would be served by this substitution of counsel are required. Local R. 83-2.9.2.4; *see Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The disruptive impact that counsel's withdrawal would have on the case can also be a consideration for the court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). However, the risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment, does not justify denying a motion for withdrawal. *Portsmouth Redev. & Housing Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 786-87 (E.D. Va. 1994).

In deciding a motion to withdraw, courts have considered various factors, including motivations for and the effect of the withdrawal and the relevant professional rules of responsibility. *See Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996) (considering why withdrawal was sought, prejudice that may be caused to other litigants, administration of justice, delay that may result and related state rules of professional conduct)*; Haines v. Liggett Group, Inc.,* 814 F. Supp. 414, 423 (D.N.J. 1993) (in denying counsel's request to withdraw, court considered equitable factors and held that state bar professional rules apply); *cf. Byrd v. Dist. of Columbia*, 271 F. Supp. 2d 174, 178 n.6 (D.D.C. 2003) (observing that courts may seek guidance from, but cannot base their decisions solely on, rules of professional responsibility in determining whether there is good cause to grant withdrawal for counsel). Similarly, the Court considers the California State Bar Rules of Professional Conduct 3-700(C), which provide for permissive withdrawal of counsel when "continued employment is likely to result in a violation of these rules or of the State Bar Act"or when the client "knowingly and freely assents to termination of the employment." 3-700(C)(2); 3-700(C)(5).

## III. DISCUSSION

There are numerous reasons to grant the present Motion to Withdraw. First, Ms. Abrahamson does not appear to object to Ord's withdrawal. Motion to Withdraw, ¶ 9. Second, Ms. Abrahamson has already retained substitute counsel in Lamons. Thus, granting Ord's Motion to Withdraw will not cause any prejudice to Ms. Abrahamson. Ord would also be violating the California State Bar Rules of Professional Conduct if he was to represent both Mr. Elieff and Ms. Abrahamson. Finally, Ord's

disputed representation of Ms. Abrahamson has caused confusion for all parties and resulted in otherwise unnecessary delays in this proceeding.[1] The Court wishes to move on with this litigation and ensure that all parties have clarity as to their own representation, as well as each other party's representation in this matter.

## IV. DISPOSITION

For the foregoing reasons, the Motion to Withdraw is hereby GRANTED.

       The Clerk shall serve this minute order on all parties to the action.

---

[1]The Court expresses no position on whether Ord ever actually represented Ms. Abrahamson.